IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRIAN NELSON, ADC #148443                                                              PLAINTIFF

V.                          CASE NO. 5:11CV00095 JLH/BD

JIMMY HILL, *et al.*                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II. Background

Plaintiff Brian Nelson, an Arkansas Department of Correction inmate, filed this lawsuit alleging that Defendants Jimmy Hill, Steven Reynolds, Lisa Bailey, and Amanda Sledge ("Defendants") failed to protect him from an attack by a fellow inmate.

Defendants have moved for summary judgment. (Docket entry #47) Mr. Nelson has filed a response opposing the motion. (#53) For reasons set forth below, the Defendants' motion (#47) should be GRANTED.

## III. Discussion

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552. If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot present sufficient facts to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 447 U.S. at 322–23, 106 S.Ct. at 2552.

B.  Exhaustion

Before prisoners can file a lawsuit under 42 U.S.C. § 1983, they must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

Whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Here, Defendants argue that Mr. Nelson failed to exhaust his administrative remedies. Barbara M. Williams, the ADC Inmate Grievance Supervisor, testified that Mr. Nelson has filed only one grievance and has not filed any grievances that were properly appealed to the Chief Deputy Director/Deputy Director/Assistant Director's level. The

one grievance Mr. Nelson filed (CU-11-0752) concerned a medical matter, and in the grievance, he did not name any of these Defendants.  (#49-1 at p. 2)

In his response to the Defendants' motion, Mr. Nelson admits that he never filed a grievance against these Defendants.  Instead, Mr. Nelson argues that he was prevented from filing a grievance by Defendant Reynolds.  (#53 at p. 2)

At his deposition, Mr. Nelson testified that on January 24, 2011, one week prior to the attack, Mr. Nelson asked Defendant Reynolds to come to his cell and assist him in completing a grievance form against his roommate, Mr. Swinford, who had threatened him.  (#49-2 at pp. 26-29)  While Mr. Nelson was talking to Defendant Reynolds, Mr. Swinford came into the cell and said, "I'm going to beat your . . . face in right now." (#49-2 at pp. 26-29)  In response, Defendant Reynolds escorted Mr. Swinford out of the cell.  Three to five minutes later, Mr. Swinford returned to the cell without Defendant Reynolds.  Mr. Nelson testified that, upon returning, Mr. Swinford instructed him never to speak to him again if he knew what was good for him.  (#49-2 at pp. 26-29)

Mr. Nelson argues that by not returning to the cell "the message" from Defendant Reynolds to Plaintiff was that "he would not provide assistance in completing a grievance and, tacitly, that Swinford would in fact cause him bodily harm if he did complete a grievance."  (#53 at p. 3)  As set forth above, however, Mr. Nelson's belief that the grievance process was not available, is not enough to excuse his failure to exhaust.

4

Mr. Nelson also claims that he effectively communicated his grievance to Defendant Reynolds, but that Defendant Reynolds failed to report the incident, a violation of ADC policy.  Assuming that Mr. Nelson verbally communicated his grievance against his cell mate to Defendant Reynolds, that communication cannot be considered proper exhaustion under the ADC's grievance policy.  See *Jones v. Bock*, 549 U.S. 199, 923 (2007) (proper exhaustion turns on the specifics of the prison policy).  Further, the complaint voiced by Mr. Nelson involved only his cell mate, and not any of the Defendants.  Accordingly, the verbal complaint to Defendant Reynolds cannot be deemed a substitute for properly exhausting grievances relating to Mr. Nelson's claims against these Defendants in this lawsuit.  *Id*.

Mr. Nelson has failed to present evidence that prison officials prevented him from filing a grievance.  See *Gibson v. Weber*, 431 F.3d at 341 (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).  Mr. Nelson had the grievance form in his hand on January 24, 2011, but did not intend to file a grievance against any of these Defendants, only against his cell mate. (#49-2 at pp. 43-44)  Mr. Nelson had access to grievance forms following the January 24th incident, yet in the four days following the incident and before the assault by Mr. Swinford, he did not file a grievance or seek assistance with filing a grievance.  Even after the alleged assault, when Mr. Nelson had been transferred out of the cell with Mr. Swinford, he still did not file a grievance against these Defendants. (#49-2 at p. 44)

5

Mr. Nelson failed to file a grievance against any of the Defendants under the ADC grievance policy.  Accordingly, his claims against these Defendants must be dismissed.

## IV.     Conclusion

The Court recommends that the Defendants Jimmy Hill, Steven Reynolds, Lisa Bailey, and Amanda Sledge's motion for summary judgment (#47) be GRANTED and that Mr. Nelson's claims be DISMISSED, without prejudice.

DATED this 4th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE